ANDERSON *v.* ROBERTS, 18 J. R. 515.

In Ch. 3 J. C. R. 371.

### *Fraudulent Conveyance ; Purchaser without Notice.*

THE plaintiff below, Roberts, filed a bill to set aside deeds and mortgages, &c., under which Anderson and another claimed the premises in question in the suit. The facts material to the understanding of the legal points presented, were as follows: one Griffith was seised of the premises, and made a fraudulent conveyance of them to Sarah Johnson, who on the 28th of March, 1808, mortgaged them to D. Stansbury, to secure a debt of $330 which she owed him. After this one Taylor recovered a judgment against Griffith, under which Roberts the plaintiff claims the premises by virtue of a sheriff's deed. Stansbury's mortgage stood uninfected with notice of the want of consideration in the conveyance to S. J. Roberts was a creditor of Griffith and a purchaser under Taylor's judgment. The defendant Anderson purchased under a judgment against Sarah Johnson, and the other defendant became joint owner. They then paid S. J. $167, and took a quit-claim deed from her of the premises. They also paid off her bond and mortgage to Stansbury, and took an assignment of it. Their answer denied all knowledge of the claim of the plaintiff Roberts to the land, until after they had paid these different sums; and stated that they had tendered to the plaintiff Roberts, the amount of his incumbrance, and they insisted that they were entitled to hold as bona fide purchasers, without notice of the fraud in the conveyance of Griffith to Sarah Johnson.

The Chancellor (Kent) said, " the only question in the case as it strikes me is, whether S. J., being a fraudulent grantee, can be the source of legal title in the defendants, assuming them to be *bona fide* purchasers for a valuable consideration, without notice of the fraud? And he held that the statute of frauds did not by the proviso in the 6th section (1 R. L. of 1813) protect a *grantee of a fraudulent grantee ;* that the conveyance therefore to Sarah Johnson, being absolutely void, she could not be the source of legal title in the defendants, and that her conveyance was void as against the

creditors of Griffith, notwithstanding she had received a full consideration. On appeal,

The Court of Errors *reversed* this decision, holding that the *proviso* in the sixth section of the act, applies to the 2d and 3d sections of the statute, (or 13 Eliz. c. 5, and 27 Eliz. c. 4) and that, whether the conveyance is from the fraudulent grantor or the fraudulent grantee, and the same rule of construction governs both sections of the statute as to conveyances to defraud the grantor's creditors, or to defraud subsequent purchasers, as to titles acquired by *bona fide* purchasers, without notice of the fraud. It was also held, that the purchaser from the fraudulent grantee, must, however, be prior in time to the purchase from the fraudulent grantor or to a sale on execution at the suit of a creditor.

Decree <em>reversed</em> accordingly.

<em>Fraudulent Conveyance ; Defective Verdict.</em>